UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:18-CR-63-GZS |
| | ) | |
| BRIAN J. BILODEAU | ) | |
| BRIAN BILODEAU, LLC | ) | |

**DEFENDANT BRIAN BILODEAU AND BRIAN BILODEAU, LLC'S MOTION TO DISMISS OR ENJOIN PROSECUTION PURSUANT TO THE ROHRABACHER-BLUMENAUER AMENDMENT**

NOW COMES Defendant, Brian Bilodeau and Brian Bilodeau, LLC, and moves to dismiss all counts against him in the Superseding Indictment, or to stay prosecution and enjoin the Government from continuing prosecution of him until permitted by the spending provisions of the Consolidated Appropriations Act. In support thereof, Defendant states as follows:

1. The Government is prosecuting Defendants for actions they took that are in compliance with the Maine Medical Use of Marijuana Act (hereafter "MMUMP"). This *Motion to Dismiss or Enjoin* directly challenges the initiation and continuation of the current prosecution under the separation-of-powers provisions of the United States Constitution.

2. In December 2014, as part of the Consolidated and Further Continuing Appropriations Act 2015, Congress passed the "Rohrabacher-Farr Amendment," which prohibits the Department of Justice from using funds made available to it by the Act to "prevent [States which had legalized medical marijuana] from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana." 113 P.L. 235, § 538. The effectiveness of this section was extended by Congress as § 542 of the Consolidated Appropriations Act of 2016 (114 P.L. 113) and § 537 of the Consolidated Appropriations Act

2017 (115 P.L. 31). Section 537 of the Consolidated Appropriations Act is still in effect, renamed as the "Rohrabacher-Blumenauer Amendment," pursuant to § 101(a)(2) of the Continuing Appropriations Act 2018 (115 P.L. 56).

3. This provision of the spending bills prevents the Department of Justice (hereafter "DOJ") from prosecuting individuals for marijuana violations of the Controlled Substances Act if they are in compliance with state medical marijuana laws. *United States v. McIntosh*, 833 F.3d 1163, 1176 (6th Cir. 2016).

4. By continuing the prosecution of Defendants here, the Government is expending funds to prevent Maine from implementing and enforcing its own laws that authorize the use, distribution, possession, or cultivation of medical marijuana, in contravention of Rohrabacher-Blumenauer.

5. Defendant Bilodeau is a medical marijuana caregiver. Mr. Bilodeau has been a caregiver throughout the entirety of the Government's investigation and prosecution of his cases. Mr. Bilodeau maintains that he was in compliance with MMUMP. He is therefore entitled to a hearing on the issue of his compliance with such laws under *United States v. McIntosh*, 833 F.3d 1163,1179 (9th Cir. 2016). If he is found to have been in compliance with Maine's medical marijuana laws, the Government should be enjoined from expending further funds on his prosecution pursuant to the Rohrabacher-Blumenauer Amendment and the case against him should be dismissed.

WHEREFORE, Defendants respectfully requests this Honorable Court hold a hearing on the issue of their compliance with the MMUMP in order to determine if the Government should

be enjoined from continuing this prosecution under the Rohrabacher-Blumenauer Amendment to the Consolidated Appropriations Act and/or whether the case should be dismissed outright.

MEMORANDUM OF LAW

INTRODUCTION

A green wave of marijuana entrepreneurship and industry is spreading across the United States, while the federal government acts like a millstone around the neck of the cannabis industry. With political will failing, even among Republican opponents, there is a strong movement to fully decriminalize marijuana at the federal level, or at least to prevent the federal government from interfering with states that have passed their own marijuana laws. The prosecution of Brian Bilodeau flies in the face of not only this movement at large, but it also rebukes current restrictions which prevent the investigation and prosecution of the case at bar.

I.   HISTORY OF THE ROHRABACHER-FARR AMENDMENT

As described above, for several years, the Rohrabacher-Farr (later Rohrabacher-Blumenauer) Amendments have prevented the very actions taken by the government here. To wit:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of...Maine...to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

Consolidated Appropriations Act 2016, Pub. L. No. 114-113, 114 Cong. (2015).

The bill was signed into law the same day it passed by President Barack Obama. This amendment, then known as the "Rohrabacher-Farr Amendment," completely restricted the Department of Justice's ability to use federal funds to prosecute violations of the Controlled Substances Act in states that had decriminalized medical marijuana.

The Congressional debate over this spending bill reflected the tension between the Controlled Substances Act and state's rights. The purpose of the bill, as expressed in the debate, was clearly to require the Federal Government take a hands-off approach related to medical marijuana. California Representative Sam Farr noted[1]:

> This is essentially saying, look, if you are following State law, you are a legal resident doing your business under State law, the Feds just can't come in and bust you and bust the doctors and bust the patient. It is more than half the States. So you don't have to have any opinion about the value of marijuana. This doesn't change any laws. This doesn't affect one law, just lists the States that have already legalized it only for medical purposes, only medical purposes, and says, Federal Government, in those States, in those places, you can't bust people. It seems to me a practical, reasonable amendment in this time and age.

This commonsense spending bill was designed to provide some assurance for medical marijuana patients and caregivers. As Congresswoman Dina Titus observed:

> Mr. Chair, for the District of Columbia and 22 States, including Nevada, with laws in place allowing the legal use of some form of marijuana for medical purposes, this commonsense amendment simply ensures that patients do not have to live in fear when following the laws of their States and the recommendations of their doctors. Physicians in those States will not be prosecuted for prescribing the substance, and local businesses will not be shut down for dispensing the same."

The issue of state's rights was the essence of this debate. As Congressman Paul Broun observed, "this is a state's rights, states' power issue, because many States across the country – in fact, my own State of Georgia, is considering allowing medical use under the direction of a physician. This is a states' rights, Tenth Amendment issue. We need to reserve the states' powers under the Constitution." In fact, Congress did just that, by passing the "Rohrabacher-Farr Amendment," which, in future spending bill amendments, became the

---

[1] The quotations of the Congressional debate expressed herein are drawn from the H4983 Congressional Record, found at: *http://www.gpo.gov/fdsys/pkg/CREC-2014-05-29/pdf/CREC-2014-05-29-pt1-PgH4968-2.pdf*.

"Rohrabacher-Blumenauer Amendment" (referred to hereafter collectively as the "Rohrabacher Amendments").

The transition between the Barack Obama presidency and the Donald Trump presidency did not change the inclusion of this spending provision. On May 5, 2017, President Donald Trump signed into law a spending bill, which included the Rohrabacher Amendment. President Donald Trump filed a signing statement with the bill, indicating:

> Division B, section 537 provides that the Department of Justice may not use any funds to prevent implementation of medical marijuana laws by various States and territories. I will treat this provision consistently with my constitutional responsibility to take care that the laws be faithfully executed[2].

The Rohrabacher Amendments have been passed several times since President Trump's first authorization, and remain law to this day. These Amendments entirely restrict the investigation and prosecution of Brian Bilodeau.

Just a few weeks ago, the House of Representatives passed the Blumenauer-McClintock-Norton Amendment[3]. This amendment expanded the reach of the Rohrabacher Amendments to include adult use cannabis. Whether the Blumenauer-McClintock-Norton Amendment will pass the Senate is as yet unknown.

II. BRIAN BILODEAU IS A MEDICAL MARIJUANA CAREGIVER WHO IS PROTECTED UNDER THE ROHRABACHER AMENDMENTS

Mr. Bilodeau has been a medical marijuana caregiver with the State of Maine since January 27, 2016. The Government was aware of the same during its investigation. *Affidavit of Barry Kelly,* January 24, 2018, paragraph 21(c). The Government even obtained Mr. Bilodeau's

---

[2] https://www.whitehouse.gov/briefings-statements/statement-president-donald-j-trump-signing-h-r-244-law/
[3] https://www.forbes.com/sites/tomangell/2019/06/20/congress-votes-to-block-feds-from-enforcing-marijuana-laws-in-legal-states/#182ac94b4b62

medical marijuana license application with the City of Lewiston to operate as a caregiver as of January 27, 2016. It was apparent to the Government that Mr. Bilodeau had operated as a caregiver for a period of two years prior to the search and seizure here.

On February 26, 2018, SA Barry Kelly applied for and received search warrants to search 72 Danville Corner Road, Auburn, Maine (Mr. Bilodeau's residence, hereafter "72 Danville") and 230 Merrow Road, Auburn, Maine (a warehouse the Government associates with Mr. Bilodeau, hereafter "230 Merrow").

On February 27, 2018, the search warrants were executed. Marijuana was allegedly seized from Mr. Bilodeau's residence. Marijuana plants were seized from 230 Merrow Road[4]. At all times, Mr. Bilodeau was in compliance with the MMUMP.

The MMUMP authorizes licensed caregivers to cultivate and possess marijuana for their patients. Compliance specialists, through the Maine Sheriff's Association, provide inspections and regulatory compliance of caregivers for the Maine Department of Health and Human Services.

On January 10, 2018, the month prior to the search and seizure here, Maine Sheriffs Association Compliance Specialists Matthew A. Clark and Mark Desjardin conducted a site inspection of 586 Lewiston Junction Road, Lewiston, Maine. This inspection focused on the medical marijuana grow of Brian Bilodeau. The inspection revealed that Mr. Bilodeau was compliant with the MMUMP, and he was permitted to continue with his caregiver operation. There was no indication from Compliance Specialists Clark and Desjardin that Mr. Bilodeau was out of compliance with marijuana, plant, size, or amount of marijuana.

---

[4] Presumably, the Government is claiming that those plants belonged to Mr. Bilodeau, even though that is not the case.

The marijuana seized at 72 Danville on February 27, 2018 was the same marijuana inspected and approved on January 19, 2018 by Compliance Specialists Clark and Desjardin. At all times within the instant offense, Brian Bilodeau operated with the authority and consent of Maine regulatory authorities.

Moreover, it is notable that the Government Agents deliberately ignored the MMUMP when executing their warrants. The Government was aware that the Rohrabacher Amendments protected caregivers like Mr. Bilodeau, and they purposefully ignored them[5]. *See Affidavit of SA Barry Kelly*, January 24, 2018, fn 6. Further, the Government Agents could have easily reached out to the Maine Department of Health and Human Services (who administers the MMUMP) for a determination as to whether or not Mr. Bilodeau was in compliance with the MMUMP. They chose not to because they wanted to ignore the Rohrabacher Amendments.

Maine medical marijauna expert witness, Hillary Lister, was employed by Mr. Bilodeau to review the evidence seized from 72 Danville and 230 Merrow. The DEA destroyed all evidence seized, except for samples. Ms. Lister's Declaration is attached to Mr. Bilodeau's *Motion to Dismiss for Destruction of Evidence* (Doc. No. 402) and is incorporated by reference herein. Ms. Lister's opinion is that it cannot be established that Mr. Bilodeau was out of compliance with the MMUMP based on her review of the un-destroyed marijuana evidence, the DHHS inspection records, and the discovery. *See e.g. Declaration of Hillary Lister,* (Doc. No. 402-1 at ¶¶ 70, 74, 78, 82, 83, 85, 88 and 89.

---

[5] The Government will claim that co-defendants like Timmy Bellmore and Richard Daniels were ineligible for the program and that the Rorhabacher Amendments did not apply to them. That is not the case for Mr. Bilodeau who was qualified and compliant with the MMUMP. Additionally, the Government was well aware that Mr. Bilodeau had not been involved with Bellmore or Daniels for approximately 6-8 months prior to the execution of the search warrants.

III. THE ROHRABACHER AMENDMENTS HAVE BEEN INTERPRETED TO PREVENT PROSECUTIONS SUCH AS THE ONE AT BAR, AND THE PROSECUTION AGAINST MR. BILODEAU SHOULD BE SIMILARLY ENJOINED OR THE CASE DISMISSED

Neither the Supreme Court of the United States, nor the First Circuit, have address the arguments made in the Motion at bar. Decisional law from other courts is available, however.

In August 2016, the Ninth Circuit upheld the constitutionality of the Rohrabacher Amendments. *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016). The *McIntosh* Court determined that the Rohrabacher Amendments prevented the Department of Justice from spending funds for the prosecution of individuals who engaged in conduct permitted by the state medical marijuana laws. *Id*. at 1177.

Pursuant to the Ninth Circuit holding in *McIntosh*, an evidentiary hearing is required to establish if the complaining defendant is in compliance with the state medical marijuana program. *Id*. at 1168. As the USDC for the Eastern District of Michigan observed:

> The Court believes that an evidentiary hearing is appropriate here. The defendant is charged with growing and distributing marijuana, and he says that his activity was confined to the strictures of the MMMA. If the prosecution is allowed to spend money to secure the defendant's conviction, it conceivably will have violated section 542, which prohibits DOJ from spending funds from relevant appropriations acts for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws.

*United States v. Bally*, 17-20135, citations omitted.

Brian Bilodeau is protected by the MMUMP under the Rohrabacher Amendments. As a result, the DOJ should be enjoined from spending funds relative to his continued prosecution or the case against him should be dismissed.

IV.     THE BURDEN OF PROVING MR. BILODEAU'S NON COMPLIANCE WITH THE MMUMP SHOULD BE ON THE GOVERNMENT

*McIntosh* is silent as to who bears the burden of proof on a motion such as the one at bar. Mr. Bilodeau posits that the burden should be borne by the Government to establish that he was not in compliance with the MMUMP. While the moving party normally has the burden, the Government's destruction of the marijuana evidence should factor into the calculus. Either the Government intentionally robbed the Defendant of his ability to establish compliance with the MMUMP or they recklessly did the same. When the Government has destroyed the evidence that the Defendant could use to establish his compliance with the MMUMP, the burden should be on the Government to establish non-compliance.

## CONCLUSION

The Government should not be permitted to pick and choose which laws it will abide or enforce and which it will ignore. Further action prosecuting Mr. Bilodeau must be enjoined until such a prosecution is permitted by the spending provisions of the Consolidated Appropriations Act, or this Court should dismiss the charges against Mr. Bilodeau.

WHEREFORE, based on the foregoing, Defendants respectfully requests that this Honorable Court grant their Motion.

Dated this 11th day of July, 2019 at Portland, Maine.

>Respectfully submitted,
>ZERILLO LAW FIRM, LLC
>
>/s/ Timothy E. Zerillo
>Attorney for Brian Bilodeau
>1250 Forest Ave, Ste 3A
>Portland, ME 04103
>207.228.1139
>*tim@zerillolaw.com*

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **CRIMINAL NO. 2:18-CR-63-GZS** |
| ) | |
| BRIAN J. BILODEAU ) | |
| BRIAN BILODEAU, LLC ) | |

## CERTIFICATE OF SERVICE

    I, Timothy Zerillo, hereby certify that I have caused the above *Motion to Dismiss or Enjoin Prosecution Pursuant to the Rohrabacher-Blumenauer Amendment* to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

    Dated this 11th day of July, 2019 at Portland, Maine.

                                Respectfully submitted,
                                ZERILLO LAW FIRM, LLC

                                /s/ Timothy E. Zerillo
                                Attorney for Brian Bilodeau
                                1250 Forest Ave, Ste 3A
                                Portland, ME 04103
                                207.228.1139
                                *tim@zerillolaw.com*