UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:18-cr-00063-GZS |
| RICHARD DANIELS, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER ON DEFENDANTS' MOTIONS
RE: BILL OF PARTICULARS (ECF NOS. 317 & 414)

Before the Court are: (1) the Motion for a Bill of Particulars by Defendant MR, LLC ("MR") (ECF No. 317),[1] and (2) the Motion for Bill of Particulars by Defendants Brian Bilodeau & Brian Bilodeau, LLC (together, the "Bilodeau Defendants") (ECF No. 414). Having fully considered the filings made as to both Motions and related developments noted on the docket, the Court DENIES both Motions.

At the outset, the Court recognizes that a defendant may seek a court order directing the Government to file a bill of particulars in accordance with Federal Rule of Criminal Procedure 7(f). When a defendant seeks a bill of particulars, the Court considers "whether the information requested is necessary to allow the defense to prepare its case adequately or to avoid prejudicial surprise." Wright & Miller, 1 Fed. Prac. & Proc. Crim. § 130 (4th ed.). The First Circuit has held that a motion for bill of particulars "need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial,

---

[1] The Court notes that in addition to Bilodeau Defendants filing their own Motion for Bill of Particulars, the Bilodeau Defendants also filed a Joinder in MR's Motion. See ECF No. 323.

or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993).

MR's Motion for Bill of Particulars requested that "the Government identify the agent, the person whose specific intent is at issue" as to the charges brought against this limited liability corporation. (MR Mot., PageID # 885.) In a short Response (ECF No. 425), the Government has identified Kevin Dean as the relevant agent. Defendant has acknowledged Dean as "the sole member of MR and the only individual authorized to transact business on MR's behalf. (MR Mot., PageID # 881.) In light of the Government's Response and Defendant's acknowledgment of Dean's role in MR, the Court DENIES AS MOOT MR's Motion for a Bill of Particulars.

Beyond their joinder in the MR Motion, the Bilodeau Defendants have moved for a bill of particulars as to six specific questions related to Count I. (See Bilodeau Defs. Mot., Page ID # 1303-04.) As the Bilodeau Defendants acknowledge in their Reply (ECF No. 591), since the filing of their Motion for a Bill of Particulars, there has been an evidentiary hearing on related pretrial motions. (See ECF Nos. 565, 566, 573, 599 & 600.) As born out at that hearing and as noted in the Government's Response (ECF No. 494), there has been extensive production of discovery, including evidence acknowledging that Bilodeau withdrew from the Count I conspiracy prior to February 27, 2018, the end date listed in Count I. In short, the Court concludes in an exercise of its discretion that there is enough detail in the Superseding Indictment (ECF No. 82) and the evidence already produced for the Bilodeau Defendants to prepare a defense and avoid prejudicial surprise.[2]

---

[2] To the extent the Bilodeau Defendants have explicitly argued that it is "impossible . . . to determine . . . whether the amounts alleged (over 100 marijuana plants and at least 100 kilograms of marijuana) related to the time period in which Mr. Bilodeau was alleged to have been involved in the conspiracy," the language of the Superseding Indictment is clear that the quantity allegation is alleged "as to each defendant" based on "their conduct as members of the [charged] conspiracy, which includes the reasonably foreseeable conduct of other members of the . . . conspiracy charged in Count One." ECF No. 82, PageID # 202.

Therefore, the Court hereby DENIES both pending Motions for a Bill of Particulars (ECF Nos. 317 & 414).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 20th day of December, 2019.