UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Docket no. 2:18-cr-00063-GZS |
| RICHARD DANIELS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON DEFENDANTS' MOTION
RE: SUPPRESSION OF EVIDENCE AND FRANKS HEARING (ECF NO. 405)

Before the Court is a Motion to Suppress Evidence and for a Franks Hearing by Defendants Brian Bilodeau & Brian Bilodeau, LLC (together, the "Bilodeau Defendants") (ECF No. 405).[1] Having fully considered the filings related to the Motion as well as relevant developments noted on the docket, the Court DENIES the Motion.

I. **LEGAL STANDARD**

"A warrant application must demonstrate probable cause to believe that (1) a crime has been committed—the 'commission' element, and (2) enumerated evidence of the offense will be found at the place searched—the so-called 'nexus' element." United States v. Dixon, 787 F.3d 55, 59 (1st Cir. 2015) (quoting United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999)). "Probable cause to issue a warrant exists when, 'given all the circumstances set forth in the affidavit . . . there

---

[1] The Bilodeau Defendants joined the Motion for Franks Hearing filed by Tyler Poland, Ty Construction, LLC, & Ty Properties, LLC (together, the "Poland Defendants") (ECF No. 333), and they adopted and incorporated the Declaration of Mark Cayer attached to that Motion (ECF No. 333-6) in the present Motion. Since the Bilodeau Defendants do not further develop any arguments from the Poland Motion and the Mark Cayer declaration in this Motion, the Court discusses the applicability of those arguments to the Bilodeau Defendants in its separate Order on the Poland Defendants' Motion.

is a fair probability that contraband or evidence of a crime will be found *in a particular place*.'" United States v. Silva, 742 F.3d 1, 9 (1st Cir. 2014) (emphasis added) (quoting United States v. Reiner, 500 F.3d 10, 15 (1st Cir. 2007)).

"Affidavits supporting search warrants are presumptively valid. A defendant may rebut this presumption and challenge the veracity of a warrant affidavit at a pretrial hearing commonly known as a Franks hearing." United States v. Owens, 917 F.3d 26, 38 (1st Cir.), cert. denied, 140 S. Ct. 200 (2019) (internal citations and quotations omitted). "To get a Franks hearing, a party must first make two 'substantial preliminary showings': (1) that a false statement or omission in the affidavit was made knowingly and intentionally or with reckless disregard for the truth; and (2) the falsehood or omission was necessary to the finding of probable cause." United States v. Rigaud, 684 F.3d 169, 173 (1st Cir. 2012). "Failure to make a showing on either element dooms a party's hearing request." Id. As to the second prong, the Court must "determine whether the totality of the revealed circumstances makes out a showing of probable cause, even with false facts stripped away, inaccurate facts corrected, and omitted facts included." United States v. Barbosa, 896 F.3d 60, 69 (1st Cir. 2018).[2]

## II.    BACKGROUND

On February 26, 2018, DEA Task Force Officer ("TFO") Kelly applied for a warrant to search a commercial building located at 230 Merrow Road, Auburn, Maine; Defendant Bilodeau's residence at 72 Danville Corner Road, Auburn, Maine; and other locations. TFO Kelly filed an affidavit in support of the search warrant application. A United States magistrate judge issued the

---

[2] To ultimately have evidence suppressed based on alleged false statements or omissions in a search warrant affidavit, "the defendant must meet an even more exacting standard [than for a *Franks* hearing]." United States v. Graf, 784 F.3d 1, 11-12 (1st Cir. 2015) (quoting United States v. Tzannos, 460 F.3d 128, 136 (1st Cir. 2006)). That is, the defendant "must (1) show that the affiant in fact made a false statement knowingly and intentionally, or with reckless disregard for the truth, (2) make this showing by a preponderance of the evidence, and (3) show in addition that with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." Id. (citations and quotations omitted).

warrants, and they were subsequently executed on February 27, 2018. At 230 Merrow Road, law enforcement seized marijuana plants as well as harvested marijuana. At 72 Danville Corner Road, law enforcement identified evidence of drug trafficking, suspected proceeds of drug trafficking, and significant amounts of marijuana. Since their search warrant did not contemplate the seizure of controlled substances, law enforcement applied for a second warrant expanding the list of items to be seized. After the second warrant was issued, officers seized marijuana and firearms from 72 Danville Corner Road.

**III. DISCUSSION**

The Bilodeau Defendants contend that the Court should suppress the evidence seized from 72 Danville Corner Road and 230 Merrow Road on February 27, 2018, because the warrants were deficient. Specifically, Defendants argue: (1) there was not probable cause to search 72 Danville Corner Road; (2) the original warrant was stale; and (3) the warrants are invalid pursuant to Franks.

**A. Probable Cause**

The Bilodeau Defendants argue that probable cause was lacking with respect to the search of 72 Danville Corner Road. But there were numerous facts in the warrant's supporting affidavit that provided probable cause to search Bilodeau's residence. For example, the affidavit stated that Bilodeau owned 72 Danville Corner Road and lived there, that multiple informants had discussed the presence of a large safe at his residence, and that Bilodeau was recently engaged in communications related to marijuana trafficking. Moreover, the First Circuit has regularly held that probable cause of a nexus between a drug dealer's criminal activities and his residence does not require direct evidence that the residence was used for drug dealing; rather, nexus may be shown where the nature of the person's drug dealing supports an inference that his or her residence would be used for storing items associated with that activity. See, e.g., United States v. Feliz, 182

F.3d 82, 86-87 (1st Cir. 1999). Here, the information in the warrant affidavit supported a reasonable inference that Bilodeau engaged in drug trafficking and that there was a fair probability his residence contained contraband or evidence of that criminal activity.

The Bilodeau Defendants next argue that conflicting information regarding the contents of the safe at 72 Danville Corner Road in Fall 2016 was impermissibly stale at the time the warrant was issued. But where a warrant involves probable cause of "ongoing and entrenched activity," such as drug trafficking, older information is less likely to be rendered stale by the passage of time. United States v. Schaefer, 87 F.3d 562, 568 (1st Cir. 1996); see also Feliz, 182 F.3d at 87 (noting that "courts have upheld determinations of probable cause in trafficking cases involving" information as much as two years old). Here, the affidavit indicated that Bilodeau was involved in drug trafficking through mid-February 2018, and that he sometimes stored proceeds from this drug trafficking operation in his home safe. Because of the ongoing, entrenched nature of his suspected criminal activity, the information was not rendered stale by its age.

### B. The Request for a Franks Hearing

Finally, the Bilodeau Defendants contend that because the warrants omitted the fact that Bilodeau was a Maine medical marijuana caregiver, they are entitled to a Franks hearing and suppression of the evidence uncovered at Bilodeau's residence and 230 Merrow. Defendants contend that had Bilodeau's status as a medical marijuana caregiver been included in the affidavit, further information would be needed to establish probable cause that he was involved in criminal activity. According to Defendants, because a federal appropriations rider commonly known as the "Rohrabacher-Blumenauer Amendment" (hereinafter, "the Amendment") bars the Department of Justice from expending funds to interfere with state medical marijuana programs, the warrant would need to include additional information establishing that Bilodeau was out of compliance

4

with Maine's medical marijuana law. See Consolidated Appropriations Act, 2019, Pub. L. No. 116-6, § 537, 133 Stat. 13, 138 (2019) ("None of the funds made available under this Act to the Department of Justice may be used, with respect to any of the States of Alabama, . . . Maine, . . . or Puerto Rico, to prevent any of them from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana."). However, the Court concludes that the omission was not necessary to a finding of probable cause because there was ample information in the affidavit supporting probable cause of noncompliant marijuana activity, even if Bilodeau was known to be a licensed medical marijuana caregiver. For example, wire interceptions and text messages obtained by search warrant in the month before February 27, 2018, indicated that Bilodeau possessed and was in the process of moving 500 pounds of marijuana, a bulk amount not at all consistent with compliant medical marijuana caregiving. Because the criminal activity for which the warrant provided probable cause was so clearly unauthorized by Maine's medical marijuana laws, the omission of Bilodeau's status as a medical marijuana caregiver does not invalidate the warrant.[3]

## IV. CONCLUSION

Therefore, the Court hereby DENIES the Bilodeau Defendants' Motion to Suppress Evidence or for Franks Hearing (ECF No. 405).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 20th day of December, 2019.

---

[3] The Court additionally notes that there is no precedent for applying the Amendment in the search warrant context as the Bilodeau Defendants argue for here. They and other Defendants have sought an injunction enjoining their prosecution pursuant to the Amendment (ECF Nos. 334, 404 & 410), and the Court followed the Ninth Circuit in holding an evidentiary hearing in which the moving Defendants had the opportunity to establish their strict compliance with Maine's medical marijuana laws (ECF No. 565 & 566). The extent to which the Amendment bars federal action against the Defendants has been determined through those proceedings and may be found in the Court's Order on Defendants' Motions to Enjoin Prosecution (ECF No. 675).