UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) <br> ) Docket no. 2:18-cr-00063-GZS |
| BRIAN BILODEAU, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

**ORDER ON GOVERNMENT'S MOTIONS IN LIMINE**

Before the Court are the following motions in limine filed by the Government: (1) Motion in Limine to Prevent Arguments Related to Jury Nullification (ECF No. 1147), (2) Motion in Limine to Prevent Arguments Related to Public Authority (ECF No. 1148), and (3) Motion in Limine to Prevent References to Penalty (ECF No. 1149). To aid the parties in preparing for trial, the Court provides the following pretrial rulings.

**I.    Motion in Limine to Prevent Arguments Related to Jury Nullification (ECF No. 1147)**

Invoking Federal Rules of Evidence 402 and 403, the Government asks the Court to preclude Defendant from arguing for jury nullification at trial. More specifically, the Government asks the Court to limit evidence and argument related to Maine's marijuana laws. The Court GRANTS this Motion.

Multiple other federal courts have concluded the evidence that a particular state has legalized medical marijuana or created a regulated marijuana market is irrelevant to whether the Government can prove a defendant violated *federal* drug laws prohibiting the possession and

distribution of marijuana. See, e.g., United States v. Haymon, No. 20-4438, 2021 WL 4495813, at *1 (4th Cir. Oct. 1, 2021) ("The fact that a state decriminalized possession of marijuana does not provide a defense to a charged violation of federal drug laws."); United States v. Wall, No. CR SAG-19-0500, 2022 WL 1268061, at *4 (D. Md. Apr. 28, 2022) (prohibiting "evidence of, or making any reference to, any other jurisdiction's laws" regarding marijuana); United States v. $114,700.00 in United States Currency, No. 17-CV-00452-CMA-GPG, 2019 WL 6130804, at *3 (D. Colo. Nov. 19, 2019) (excluding evidence regarding "marijuana policy" as well as arguments "which attempt to excuse violation of federal law based on either state law or policy arguments about what the law ought to be"); United States v. Apicelli, No. 14-CR-012-01-JD, 2015 WL 3398139, at *2 (D.N.H. May 26, 2015) (precluding evidence or arguments related "to marijuana laws and legalization, to medical use of marijuana, or to any other issues related to jury nullification"). The Court finds no basis to reach a different conclusion regarding the relevancy of Maine's marijuana regulations here.

In this case, Defendant has already been provided an opportunity to fully litigate the applicability of a congressionally enacted appropriations rider, which is the only federal protection for individuals distributing marijuana in accordance with state medical marijuana laws. See generally United States v. Bilodeau, 24 F.4th 705, 715 (1st Cir. 2022) ("Given the[] facts, we have no trouble concluding that the defendants have failed to establish that their pending prosecution under the [Controlled Substances Act] is in any way barred by the rider."). Given the pretrial resolution of that issue, the Court considers Maine's medical marijuana regulatory scheme to be, at best, marginally relevant to the factual issues to be decided by the jury. On balance, that relevance is outweighed by the risk that evidence related to Maine's medical marijuana regulations will confuse and mislead the jury. Thus, the Court agrees with the Government that evidence

seeking to establish that Defendant registered and attempted to comply with Maine's medical marijuana regulations does not negate his mens rea with respect to Counts One through Four of the Second Superseding Indictment.

With respect to Count Four, which charges possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), Defendant invokes Rehaif v. United States, 139 S. Ct. 2191 (2019), and United States v. Minor, 31 F.4th 9 (1st Cir. 2022).[1] In Defendant's view, these cases require the Government to prove that Bilodeau knew he belonged to a category of individuals prohibited from possessing firearms. Defendant posits that evidence suggesting that he "believed, under [Maine's marijuana regulations], that his firearm possession was legal and not prohibited" would be relevant to this mens rea component. (Response (ECF No. 1174), PageID # 4499). The Court disagrees. Rehaif did not address the requisite mens rea for a violation of 18 U.S.C. § 924(c)(1)(A), which is charged here. See Rehaif, 139 S. Ct at 2200 (declining to decide whether "knowledge of status" requirement applied to "other § 922(g) provisions not at issue here"); United States v. Sampo, No. 3:17-CR-00143-SLG, 2020 WL 7634161, at *4 (D. Alaska Dec. 22, 2020) (concluding Rehaif is "inapplicable" to § 924(c)); United States v. Tatum, No. CR DKC 13-0492-001, 2021 WL 795158, at *17 (D. Md. Mar. 2, 2021) (concluding that Rehaif, which "involved a conviction . . . under 18 U.S.C. § 922(g) and § 924(a)(2)," was "entirely inapplicable to [the defendant]'s conviction under §924(c)"). Under existing precedent, the Government is required to prove only that Defendant knowingly possessed the firearm listed in Court Four in furtherance of the crime charged in Count Three. See United States v. Ramirez-Frechel, 23 F.4th 69, 74 (1st Cir.), cert. denied, 142 S. Ct. 2828 (2022) ("To

---

[1] The First Circuit has subsequently withdrawn its April 11th opinion in Minor and granted rehearing en banc. See United States v. Minor, No. 20-1903, 2022 WL 4282992 (1st Cir. Sept. 14, 2022). As a result, the Court has not considered the withdrawn opinion in resolving any of the present motions.

convict a defendant for possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), the prosecution must prove beyond a reasonable doubt that the defendant '1) committed a drug trafficking crime; 2) knowingly possessed a firearm; and 3) possessed the firearm in furtherance of the drug trafficking crime.'" (citation omitted)).

Having held an evidentiary hearing in this matter, the Court is cognizant of the multiple ways that the Maine Medical Use of Marijuana Program ("MMMP") intersects with the factual narrative of this case. In connection with this specific Motion, Defendant has outlined at least seven specific facts that he will seek to establish at trial in order to "to establish that he did not intend to participate in [the] conspiracy" charged in Count One. (See Response (ECF No. 1174), PageID # 4491.) For the reasons just discussed, many of these factual assertions are subject to exclusion under Federal Rules of Evidence 402 and 403. Thus, Defense counsel is hereby instructed that he shall not mention any of the listed assertions in his opening statement. Prior to seeking to introduce evidence of the MMMP or Defendant's participation in the MMMP, Defense counsel shall seek a sidebar in order to allow the Court to rule on the admissibility of the proffered evidence.

II.   **Motion in Limine to Prevent Arguments Related to Public Authority (ECF No. 1148)**

The Government also seeks to preclude Defendant "from arguing or introducing any evidence, questioning, or testimony related to public authority or entrapment by estoppel." (Mot. (ECF No. 1148), PageID # 4437.) The Court GRANTS this Motion.

Defendant previously provided the requisite notice of intent to assert a public authority defense. (See Notice (ECF No. 413), PageID #s 1300-01.) In both that Notice and his Response (ECF No. 1175), Defendant proffers evidence regarding his alleged compliance with the MMMP.

4

Specifically, he points to a January 2018 inspection conducted by two state compliance specialists that purportedly established his compliance with the MMMP.

Critically, for purposes of the pending motion, Defendant has not proffered any evidence suggesting that a *federal* official authorized his marijuana production, nor has he proffered any evidence that state inspectors advised him that his marijuana production was in compliance with *federal* law. Thus, under existing precedent, Defendant cannot establish an entrapment by estoppel defense. See United States v. Sousa, 468 F.3d 42, 46 (1st Cir. 2006) ("A successful entrapment by estoppel defense generally requires that the misleading statement come from an official representing the sovereign bringing the prosecution, i.e., a federal official.") Likewise, on the proffered record, the Court finds no basis for allowing Defendant's proffered evidence under the guise that it might establish an affirmative public authority defense.

Even in the absence of proffering evidence that would support an affirmative defense, Defendant argues that he should be permitted to present evidence related to his participation in the MMMP as a "mistake-of-fact defense which may negate criminal intent." (Response (ECF No. 1175), PageID # 4504.) Beyond the January 2018 state inspection, Defendant lists eight additional facts that he wishes to establish at trial, ranging from the existence of the MMMP and Bilodeau's status as a registered caregiver to his payment of taxes on his marijuana sales. (See id., PageID # 4506.)

Under Rule 403, the Court hereby excludes evidence of the January 2018 inspection, finding its probative value far outweighed by the risk that it will confuse and mislead the jury. As to the other factual proffers in Defendant's Response, the Court instructs counsel that they shall not mention any of the listed assertions in their opening statements. Prior to seeking to introduce

evidence of the MMMP or Bilodeau's participation in the MMMP, Defense counsel shall seek a sidebar in order to allow the Court to rule on the admissibility of the proffered evidence.

### III.     Motion in Limine to Prevent References to Penalty (ECF No. 1149)

Lastly, the Government asks the Court to exclude "all argument and evidence relating to the penalty Defendant[ ] face[s] if convicted." (Mot. (ECF No. 1149), PageID # 4441.)  Defendant responds that he has "no plans to offer evidence of the penalties associated with the case" and "no plans to argue to the jury the penalty he faces." (Response (ECF No. 1176), PageID # 4511.) Therefore, this Motion is GRANTED WITHOUT OBJECTION.  To the extent Defendant seeks to cross-examine certain witnesses by raising "penalties those witnesses have escaped" (id.), Defense counsel shall alert the Court and Government outside the jury's presence so that the Court may resolve any objections to such line of inquiry.

All of these pretrial rulings are made WITHOUT PREJUDICE to counsel renewing their objections or seeking further opportunities to proffer outside the presence of the jury.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 4th day of October, 2022.

6