UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:18-cr-00063-GZS |
| BRIAN BILODEAU, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTIONS IN LIMINE**

Before the Court are the following motions in limine filed by Defendant Brian Bilodeau: (1) Motion in Limine to Prohibit Government from Presenting Evidence of Uncharged Firearms (ECF No. 1188), (2) Motion in Limine to Prohibit the Government from Presenting Evidence of the Seizure of Certain Automobiles (ECF No. 1189), and (3) Second Motion for Bill of Particulars (ECF No. 1190). To aid the parties in preparing for trial, the Court provides the following pretrial rulings.

**I.      Motion in Limine to Prohibit Government from Presenting Evidence of Uncharged Firearms (ECF No. 1188)**

This Motion is GRANTED. Via this Motion, Defendant asks the Court to exclude evidence related to three uncharged firearms under Federal Rules of Evidence 402 and 403.[1] Defendant has been charged in Count Four of the Second Superseding Indictment with possession of a firearm in

---

[1] The firearms at issue were all seized from Bilodeau's home on February 27, 2018 and include (1) a Kimber 45 caliber pistol (located in a case in the master bedroom), (2) a Mossberg .22 caliber rifle (located in a spare bedroom closet), and (3) a Walther PK380 pistol (located in inside a gun safe that was in a safe room in the basement). Response (ECF No. 1201), PageID # 4567.

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  (Sec. Sup. Indict. (ECF No. 1164), PageID # 4463.)  The firearm at issue in Count Four is a Beretta, model BU9 Nano, 9 mm pistol, which the Government represents was located "on the nightstand" in Bilodeau's master bedroom "with a loaded magazine and one round loaded in the chamber." (Response (ECF No. 1201), PageID # 4567.)  Given this charge, Defendant reasonably asserts that evidence of the other uncharged firearms is likely to confuse the jury and unfairly prejudice him. The Government maintains that evidence that Defendant possessed the uncharged firearms is relevant because the firearms were located "in the same place where he received, counted, and stored large quantities of illegal drugs and drug proceeds." (Id., PageID # 4569.)  Notably, this location was also Bilodeau's home.

On balance, the Court finds the probative value of the uncharged firearms to be low and, thus, the Court agrees with Defendant that these firearms should be excluded from the Government's case-in-chief under Federal Rule of Evidence 403.  However, the Court notes that the Government may seek reconsideration of this ruling based on the evidence presented at trial.

**II.       Motion in Limine to Prohibit the Government from Presenting Evidence of the Seizure of Certain Automobiles (ECF No. 1189)**

This Motion is GRANTED.  Via this Motion, Defendant asks the Court to exclude evidence related to two vehicles seized from Defendant, "a blue 2016 Lamborghini Hurcan and a black 2014 Nissan GT-R," under Federal Rules of Evidence 402 and 403. (Mot. (ECF No. 1189), PageID # 3532-33.)  As the Government notes in its Response, these vehicles were seized through an already completed administrative process.  (Response (ECF No. 1202), PageID # 4573 n.1.)  Thus, the Government indicates that it will not offer any evidence of the actual seizure of the vehicles.  (Id.)

2

However, the Government proffers that the vehicles are relevant "evidence of the accumulation of wealth," which the Government seeks to tie to the charged criminal activity. (Id., PageID # 4574.) The Government also proffers that it will establish that "Defendant drove the Lamborghini during the course of the conspiracy" and thereby "corroborate identification." (Id.)

Based on the Government's proffer, evidence of these two vehicles, as well as the other "high-value vehicle" mentioned in the Government's Response (id.), is subject to exclusion under Federal Rule of Evidence 403. At this stage, the probative value of Defendant's possession of high-value vehicles is substantially outweighed by unfair prejudice and confusion of the issues. The Court is particularly concerned about ensuring that the trial not be sidetracked and delayed by excessive evidence and argument regarding how Bilodeau financed the purchase of each high-value vehicle. (See, e.g., Reply (ECF No. 1205), PageID # 4587.)

As a result, the Government is instructed that it shall not mention Defendant's ownership or possession of any high-value vehicles in its opening statement. Prior to seeking to introduce any evidence related to Defendant's purchase or use of high-value vehicles, the Government shall alert the Court outside the presence of the jury so that the Court can resolve any objections.

**III.     Second Motion for Bill of Particulars (ECF No. 1190)**

This Motion is DENIED. This Court earlier denied Bilodeau's request for a bill of particulars. (See 12/20/2019 Order on Defendants' Mots. Re: Bill of Particulars (ECF No. 677).) However, the Government has more recently obtained a Second Superseding Indictment and Defendant's current request for a bill of particulars centers on alteration of the Count One conspiracy charge to include only one named co-conspirator. In response to Defendant's argument that the conspiracy charged in Count One of the Second Superseding Indictment failed to

sufficiently identify known co-conspirators, the Government has clarified that the conspiracy involves "the same conspirators charged in Count One of the Superseding Indictment (ECF No. 82)." (Response (ECF No. 1200), PageID # 4564.)  With this clarification, the Court is satisfied that Defendant has sufficient information to prepare for trial and avoid any unfair surprise.

All of these pretrial rulings are made WITHOUT PREJUDICE to counsel renewing their objections or seeking further opportunities to proffer outside the presence of the jury.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 4th day of October, 2022.